IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:24-148 |
|---|---|---|
| | ) | 18 U.S.C. § 922(a)(1)(A) |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. § 924(a)(1)(D) |
| | ) | 18 U.S.C. § 924(a)(8) |
| | ) | 18 U.S.C. § 924(c)(1)(A)(i) |
| | ) | 18 U.S.C. § 924(e) |
| v. | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A) |
| | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 21 U.S.C. § 853 |
| | ) | 21 U.S.C. § 881 |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| **KENDALL KYLEEK DOW** | ) | **SEALED INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning from at least on or about February 10, 2023, and continuing up to on or about May 3, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW**, not being a licensed dealer within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms;

In violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about February 17, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW**, knowingly possessed a firearm and ammunition in and affecting commerce, to wit: a Glock Model 22, .40 caliber pistol, and assorted rounds of ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 924(e).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about February 21, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW**, knowingly possessed firearms and ammunition in and affecting commerce, to wit: a Smith & Wesson, Model M&P, 15 caliber rifle, a Beretta Pico, .380 caliber pistol, and an American Tactical Model FXS-9, 9mm caliber pistol and assorted rounds of ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 924(e).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about February 21, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N[l-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about February 21, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly did use and carry a firearm during and in relation to, and did possess a firearm in furtherance of, a drug trafficking crime as alleged in Count 4, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about March 16, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly possessed firearms and ammunition in and affecting commerce, to wit: a Diamondback Arms DB FS Nine, 9mm caliber pistol, a Taurus Spectrum, .380 Caliber pistol, Springfield Armory XD-45 ACP Sub Compact, .45 caliber pistol, and assorted rounds of ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 924(e).

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about March 29, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW**, knowingly possessed firearms and ammunition in and affecting commerce, to wit: a Taurus, G2C, 9mm caliber pistol, a Ruger LCP, .380 caliber pistol, and assorted rounds of ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 924(e).

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about March 29, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly, intentionally and unlawfully did possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N[l-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about March 29, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly did use and carry a firearm during and in relation to, and did possess a firearm in furtherance of, a drug trafficking crime as alleged in Count 8, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about April 21, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW,** knowingly, intentionally and unlawfully did possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N[l-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about May 3, 2023, in the District of South Carolina, the Defendant, **KENDALL KYLEEK DOW**, knowingly possessed firearms and ammunition in and affecting commerce, to wit: a Smith & Wesson M&P Shield Plus, 9mm caliber pistol, Ruger EC9S, 9mm caliber pistol, Taurus G2S, .40 caliber pistol, a Armory Guns & Ammo, Model TA 15, multi caliber pistol, a Anderson Manufacturing Model AM-15, Multi caliber rifle, and assorted rounds of ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 924(e).

## FORFEITURE

DRUG OFFENSES:

Upon conviction for felony violation of Title 21, United States Code as charged in this Indictment, the Defendant, **KENDALL KYLEEK DOW**, shall forfeit to the United States all of the Defendant's rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation of Title 21, United States Code.

PROPERTY:

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of his violation of Title 21.

SUBSTITUTION OF ASSETS:

If any forfeited property being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek

7

forfeiture of any other property of Defendant up to an amount equivalent to the value of the forfeitable property.

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A    TRUE    BILL

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Ariyana N. Gore (Fed. ID # 13881)
Assistant United States Attorney
United States Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone 803-929-3000
Facsimile 803-256-0233
Ariyana.Gore@usdoj.gov

8